UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jules M. Singleton, | ) | C/A No. 5:12-2226-JMC-KDW |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Lt. Donald Westen, Sgt. Jennines, | ) | |
| Defendants. | ) | |

Plaintiff Jules M. Singleton, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants Lt. Donald Westen and Sgt. Jennines[1] violated his civil rights. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. This matter is before the court on the Motion for Summary Judgment filed by Defendants on December 17, 2012. ECF No. 22. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[2] Order on December 18, 2012, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 23. Plaintiff responded to Defendants' Motion for Summary Judgment on February 19, 2013, ECF No. 32,[3] and Defendants filed a Reply on March

---

[1]Defendants are identified correctly as Lt. Donald Weston and Sgt. Pharish Jeannis in Defendants' Memorandum in Support of Summary Judgment. Defs.' Mem. 1, ECF No. 22-1.
[2]*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).
[3]Although titled "Response to Summary Judgment with a Counter Claim and with Plaintiff Summary Judgment," the undersigned notes that the deadline to file dispositive motions was December 17, 2012. ECF No. 19. Therefore, to the extent Plaintiff's Response includes an attempt to file a motion for summary judgment the undersigned recommends such motion be denied as untimely.

1, 2013, ECF No. 33, making this Motion ripe for consideration. Because this Motion is dispositive, a Report and Recommendation is entered for the court's review.

I.     Background

Plaintiff was a detainee at Alvin S. Glenn Detention Center during the time period relevant to his Complaint. Compl., ECF No. 2. Plaintiff filed his Complaint on March 27, 2012,[4] alleging constitutional and other deprivations against Defendants, including negligence, assault and battery, excessive force, intentional infliction of emotional distress, and cruel and unusual punishment. *Id.* at 4. Specifically, Plaintiff contends that on August 7, 2011, he was removed from his cell to be placed in the shower. According to the "jail routine and protocol for SHU[5] inmates" Plaintiff was placed in leg shackles and his hands were cuffed behind his back. *Id.* at 3. Plaintiff alleges that Defendant Jeannis, on orders from Defendant Weston, requested that Plaintiff lift his foot to remove the shackles. Plaintiff asserts that he complied with the request but, once Defendant Jeannis removed the first shackle, he "then snatched the chain of the shackle" on Plaintiff's other leg, pulling his feet out from under him and causing Plaintiff to fall to the floor striking his head. *Id.* Plaintiff alleges he lost consciousness "for about 30 seconds." *Id.* Plaintiff asserts "this excessive force was not only an assault but it was also crule (sic) and unusual punishment witch (sic) violated [his] state constitutional rights." *Id.*

---

[4]This filing date reflects that the envelope containing the Complaint was stamped as having been received on March 27, 2012, at the Perry Correctional Institution mailroom. ECF No. 2-2. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court). Plaintiff's original Complaint was filed in C/A No. 5:12-917-JMC-KDW. Plaintiff moved to amend/correct his Complaint, noting that he intended to file two separate cases. The court granted Plaintiff's Motion, and the instant action was docketed as a separate case on August 6, 2012. ECF No. 1.

[5] Special Housing Unit.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

III.    Analysis

    A.  Plaintiff's Disciplinary Conviction

As a result of the incident on August 7, 2011, Plaintiff was charged and convicted through the inmate disciplinary process. Weston Aff. ¶ 11, ECF No. 22-2; Inmate Notice of Disciplinary Charges, ECF No. 22-2 at 9. Defendants assert that Plaintiff's Complaint is an attempt to "attack the validity of his convictions" in contravention of *Edwards v. Balisok*, 520 U.S. 641 (1997) and *Heck v. Humphrey*, 512 U.S. 477 (1994) and is therefore barred. Defs.' Mem. 3-4, ECF No. 22-1. In *Heck v. Humphrey*, the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 when success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 486-87.  Subsequently, the Court held that *Heck* also applies to civil rights actions that do not directly challenge confinement, but instead allege procedural defects that necessarily imply the invalidity of the punishment imposed.  *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997).

    According to Defendant Weston, Plaintiff was sentenced to eight days of lockdown in the SHU as a result of his disciplinary conviction for the inmate disciplinary offenses of curse and abuse, interfering with security operations, and disruptive behavior. Weston Aff. ¶ 11, ECF No. 22-2.  Other than the Inmate Notice of Disciplinary Charges and Detention, ECF No. 22-2 at 9, and Inmate Movement Forms, ECF No. 22-4 at 13-15, Defendants have provided the court with no other documentation regarding a disciplinary hearing or conviction. Nowhere in his Complaint does Plaintiff mention the disciplinary action, nor does he assert that he seeks to overturn his disciplinary conviction. Based on the record provided to the court, the undersigned finds that Plaintiff's claim of excessive force does not implicitly invalidate his disciplinary conviction.  Accordingly, his § 1983 claim is not barred by the holdings in *Heck* and *Edwards*.

4

*See Blanding v. Gilchrist*, No. 0:09-1270-HMH-PJG, 2010 WL 3168301 at *3 (D.S.C. June 28, 2010), *adopted by* 2010 WL 3168300 (D.S.C. Aug. 9, 2010).

    B.  Plaintiff's Excessive Force Claim

Excessive force claims raised by a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment. *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008). To succeed on an excessive force claim under the Due Process Clause of the Fourteenth Amendment, Plaintiff must show that Defendants "inflicted unnecessary and wanton pain and suffering." *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir. 1998) (citing *Whitley v. Albers*, 475 U.S. 312, 320 (1991)). The Supreme Court has identified the following four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." *Whitley*, 475 U.S. at 321. The absence of significant injury alone, however, is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1179 (2010). The extent of the injury incurred is one factor indicative of whether the force used was necessary in a particular situation; however, if the force used was applied maliciously and sadistically, liability is not avoided simply because the prisoner "had the good fortune to escape serious harm." *Id.* at 1179. As the Court noted in *Wilkins*, the issue is the nature of the force, not the extent of the injury.

Defendants allege that Plaintiff, after being directed to lift his leg so that Defendant Jeannis could remove the restraint, "became combative, refused the order, and turned towards Defendant Jeannis in a threatening manner." Defs.' Mem. 8, ECF No. 22-1. Defendants allege a

5

"reasonable amount of force was used in order to bring the Plaintiff to the floor and into compliance." *Id.* Defendants assert that their use of force on Plaintiff "was not only reasonable and necessary, but also in line with the constitutional parameters of the Fourteenth Amendment." *Id.* at 9. Plaintiff counters that when asked to lift his left leg he complied by putting his left foot on his toes. Pl.'s Resp. 3, ECF No 32. Plaintiff alleges that Defendant Jeannis "lock the right sheckle (sic) in his hand and pulls up from out of squat position causing [Plaintiff] to fall on [his] head hard." *Id.* Plaintiff asserts that he lost consciousness for a few seconds, and then was put in a restraint chair for several hours with no medical attention until two days later. *Id.* In support of his contentions Plaintiff attaches copies of his medical records provided to him in discovery, and Defendants' affidavits and memorandum with select portions underlined. These records show that on August 9, 2011, Plaintiff was seen by a physician for head trauma, ECF No. 32-3 at 10, and that he suffered from a mild head injury, *Id.* at 12.

Giving deference to Plaintiff's version of the events as the non-moving party, the undersigned is unable to determine that, as a matter of law, Defendants' actions were "applied in a good-faith effort to maintain or restore discipline." Accordingly, the undersigned finds that there is an issue of material fact as to whether Defendant Jeannis used excessive force on August 7, 2011, by allegedly snatching Plaintiff's leg shackles causing him to fall to the floor and strike his head resulting in a mild head injury, in violation of Plaintiff's Fourteenth Amendment rights. *See Isgett v. Boone*, C/A No. 8:11-02783-CMD-JDA, 2013 WL 773070, at *3 (D.S.C. Feb. 28, 2013) (citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979) (holding summary judgment is not appropriate if the resolution of material issues depends upon credibility determinations)).

Plaintiff alleges Defendant Jeannis requested that Plaintiff lift his foot to take off the shackles on the order of Defendant Weston. Compl. 3, ECF No. 2; Pl.'s Aff. 1, ECF No. 2-1. While Plaintiff states sufficient factual allegations against Defendant Jeannis to withstand summary dismissal of his claims, he provides no information to indicate Defendant Weston was directly involved in the excessive force incident. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, 54 Fed. App'x 192,194 (6th Cir. 2002); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302, at *4 n.5 (D.S.C. Jan. 5, 2011) *adopted by* 2011 WL 601259 (D.S.C. Feb. 11, 2011); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). Plaintiff's Complaint provides no factual allegations to indicate that Defendant Weston used excessive force against Plaintiff. Thus, Plaintiff fails to establish a direct violation of his constitutional rights by Defendant Weston.

To the extent Plaintiff attempts to hold Defendant Weston liable as a supervisory official, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). However, supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* at 799.

"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Id.* (citing *Slakan v. Porter*, 737 F.2d 368, 373-74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents." *Slakan*, 737 F.2d at 373. Plaintiff presents no facts to demonstrate that Defendant Weston was aware of any pervasive or unreasonable risk of constitutional injury to Plaintiff or was deliberately indifferent to any such risk. Instead, the Complaint indicates that Defendant Weston had no direct involvement in the alleged assault and, instead, only ordered Defendant Jeannis to remove Plaintiff's leg shackles. Because Plaintiff fails to establish personal or supervisory liability against Defendant Weston, the undersigned finds he should be entitled to summary dismissal from this case.

C. Qualified Immunity

Defendants also assert that even if Plaintiff can establish a constitutional claim, they are entitled to qualified immunity. Defs.' Mem. 9-13, ECF No. 22-1. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was

8

clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

> The right to be free from the excessive use of force was clearly established at the time of this incident. Although a jury ultimately may find the officers' version of the events more credible, [this court] is not permitted to make such credibility determinations when considering whether a [corrections] officer properly was held immune from suit under the doctrine of qualified immunity.

*Isgett v. Boone*, 2013 WL 773070 at *4 (internal citations omitted). Accordingly, Defendant Jeannis may not be entitled to qualified immunity, and the undersigned recommends summary judgment be denied as to Defendant Jeannis.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that the Defendants' Motion for Summary Judgment, ECF No. 22, be granted in part and denied in part. The undersigned recommends Defendants' Motion for Summary Judgment be granted as to Defendant Weston and Plaintiff's case against him be dismissed with prejudice; Defendants' Motion should be denied as to Defendant Jeannis.

IT IS SO RECOMMENDED.

June 5, 2013                                                    Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**