# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Jules M. Singleton, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 5-12-cv-02226-JMC |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Lt. Donald Westen, Sgt. Jennines[1] ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 39], filed on June 5, 2013, recommending that Defendants' Motion for Summary Judgment [Dkt. No. 22] be granted in part and denied in part.

This case arises out of a complaint filed by Plaintiff Jules M. Singleton ("Plaintiff"), a state prisoner currently in custody at the Kershaw Correctional Institution in Kershaw, South Carolina. Plaintiff alleges that Defendants Lieutenant Donald Weston ("Lt. Weston") and Sergeant Pharish Jeannis ("Sgt. Jeannis"), both officials at the Alvin S. Glenn Detention Center where Plaintiff was being held as a pre-trial detainee, used excessive force in violation of Plaintiff's civil rights under 42 U.S.C. § 1983. In the Report, the Magistrate Judge recommends that summary judgment be granted as to Plaintiff's claims against Lt. Weston and that summary judgment be denied as to Plaintiff's claim against Sgt. Jeannis. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report herein without a recitation.

---

[1] Defendants are identified correctly as Lt. Donald Weston and Sgt. Pharish Jeannis in Defendants' Memorandum in Support of Summary Judgment. [Dkt. No. 22-1].

1

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

In this case, both parties filed specific objections to the Magistrate Judge's Report. The court first addresses Defendants' Objections to the Report and Recommendation [2] [Dkt. No. 42]. Defendants object to the Magistrate Judge's recommendation that summary judgment be denied as to Plaintiff's excessive force claim against Sgt. Jeannis, including the Magistrate Judge's determination that Sgt. Jeannis is not entitled to qualified immunity.

The incident at issue happened as Plaintiff, who was handcuffed and shackled at the time, was being escorted by Defendants to the shower. Plaintiff claims that he was directed to and did comply with an order from Sgt. Jeannis to lift his right leg so that Sgt. Jeannis could remove the shackle from his ankle. Plaintiff alleges that when he did so, Sgt. Jeannis snatched the chain connected to the other shackle, which was still attached to Plaintiff's left ankle, causing Plaintiff's feet to be pulled out from under him and causing him to fall onto his head. Because

---

[2] Although Defendants do not object to the Magistrate Judge's determination that Plaintiff's § 1983 claim is not barred by the holdings in *Edwards v. Balisok*, 520 U.S. 641 (1997) and *Heck v. Humphrey*, 512 U.S. 477 (1994), the court finds that the Magistrate Judge was correct in reaching this determination.

Plaintiff was also handcuffed at the time, Plaintiff was unable to break his fall. Plaintiff alleges that the fall briefly rendered him unconscious and that he was not provided with medical attention until two days later. Prison medical records confirm that Plaintiff was treated for mild head injury. Plaintiff asserts that he complied with all of Defendants' instructions prior to the incident.

Defendants assert that Plaintiff turned combative and refused the order that he lift his leg so that Sgt. Jeannis could remove the shackle. Defendants further assert that a reasonable amount of force was used to defend against Plaintiff's combativeness and to bring Plaintiff to the floor and into compliance with Sgt. Jeannis's commands. In their Objections to the Report, Defendants assert that Plaintiff has failed to offer any evidence, other than the fact of his injury, that Sgt. Jeannis acted with any intent to harm Plaintiff, arguing instead that Plaintiff's allegations amount to nothing more than an accident or, at best, mere negligence. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (a government official's negligence in causing injury "does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent.")

The Magistrate Judge found that it could not be determined as a matter of law that Defendants actions were "applied in a good-faith effort to maintain or restore discipline" rather than undertaken "maliciously and sadistically" to cause harm. *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (internal quotations omitted). Resolution of that issue requires a determination of which party's version of events were more credible. Summary judgment is not appropriately granted when the material facts are conflicting and the resolution of those conflicting facts requires the court to make credibility determinations. *See Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

The Magistrate Judge further found that Sgt. Jeannis was not entitled to qualified immunity. In analyzing Sgt. Jeannis's claim for qualified immunity, the Magistrate Judge properly considered 1) whether the facts that Plaintiff has put forth, and viewed in the light most favorable to Plaintiff, constitute a violation of a constitutional right and 2) whether the right was clearly established at the time of the alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). There is no dispute that the right to be free from the excessive use of force was clearly established at the time of the incident. However, since facts remain in dispute about whether Sgt. Jeannis's use of force was excessive as Plaintiff claims or justified as Defendants claim, the Magistrate Judge properly found that summary judgment on the issue of qualified immunity was not appropriate given the material facts in dispute. The court agrees, and accepts the Magistrates Judge's recommendation that Defendants' Motion for Summary Judgment as to Sgt. Jeannis be denied.

The court next addresses Plaintiff's Objection to the Report and Recommendation [3] [Dkt. No. 44]. Specifically, Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted in favor of Lt. Weston on the grounds that Lt. Weston cannot be liable as a supervisory official for the alleged use of excessive force by his subordinate, Sgt. Jeannis.

In his Objections, Plaintiff asserts that, because Lt. Weston was present at the time of the incident, assisted Sgt. Jeannis during the course of events, and failed to correct Sgt. Jeannis's behavior, "an affirmative causal link exists between [Lt. Weston's] inaction and the particular constitutional injury suffered" by Plaintiff in this case. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th

---

[3] Plaintiff's response to Defendants' Motion for Summary Judgment was titled "Response to Summary Judgment With A Counter Claim and with Plaintiff Summary Judgment." [Dkt. No. 32]. To the extent Plaintiff's Response included his own Motion for Summary Judgment, the Magistrate Judge denied such motion as untimely, as it was filed well past the deadline for dispositive motions. Plaintiff does not object to this finding, and the court agrees with this ruling.

Cir. 1994). The Magistrate Judge correctly determined that Plaintiff presented no evidence that Lt. Weston acted personally in the alleged assault or that Lt. Weston anticipated or could have anticipated the alleged assault. *See Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984) (a supervisor cannot "reasonably be expected to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct"). Therefore, the court agrees that Lt. Weston cannot be held liable as a matter of law and that summary judgment should be granted as to him.

## CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Magistrate Judges Report and Recommendation [Dkt. No. 39]. It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Dkt. No. 22] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 22, 2013
Greenville, South Carolina

5